IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| E.L. DUGAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1221-R |
| | ) | |
| STATE FARM MUTUAL INS. CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendants' Motions to Dismiss Plaintiffs' complaint, Docs. 20, 22, 36, 49, 51, 54, 73, 74, 89, 97, 100, 133, and 134. On November 14, 2017, Plaintiffs—an Oklahoma family appearing pro se[1]—filed a fifty-one page complaint with 225 pages of exhibits against thirty defendants. *See* Doc. 1. The Court "liberally" construes Plaintiffs' pro se complaint to include a federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, a due process claim under 42 U.S.C. § 1983, and various state law claims. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiffs also allege criminal violations to support their RICO claim and criminal prosecution of Defendants. *See* Doc. 1, at 3, 9, 49. At issue are Defendants' alleged concerted attempts to deprive Plaintiffs of healthcare, insurance benefits, and protection from life-threatening environmental toxins.

---

[1] On December 21, 2017, the Court dismissed Plaintiffs "Oklahoma Keepers" and F.C. Dugan because a non-natural person cannot appear pro se and a minor child cannot sue through a parent if the parent is pro se. *See* Doc. 42.

The Court hereby dismisses all claims against the Social Security Administration, National Institute of Health, Internal Revenue Service,[2] Environmental Protection Agency, Federal Trade Commission, and Department of Labor ("federal agency Defendants") on sovereign immunity grounds; similarly, the Court dismisses official capacity claims against Jatin Mistry, Nicole Foster, and George Pettigrew ("federal employee Defendants"). Further, the Court dismisses Plaintiffs' complaint because it is an incomprehensible "puzzle pleading," *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1339 n.8 (10th Cir. 2012), that violates Federal Rule of Civil Procedure 8(a)'s requirement for a "short and plain statement of the claim"; and without a plausible federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

## I. Motion to Dismiss Standard

A complaint may be dismissed upon a motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal is proper "if, viewing the well-pleaded factual allegations in the

---

[2] Plaintiffs mistakenly refer to the Internal Revenue Service as the "Internal Revenue System." Doc. 1, at 3.

complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County,* 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Twombly,* 550 U.S. at 547); *see Iqbal,* 556 U.S. at 676–80. The plaintiff cannot merely give "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Such conclusory allegations are not entitled to the court's presumption for the plaintiff. Instead, the plaintiff must plead facts that at least makes the claims plausible and raise the "right of relief above the speculative level." *Id.* at 558.

## II. Discussion

First, federal agency Defendants and federal employee Defendants assert sovereign immunity from Plaintiffs' claims against them. *See* Fed. R. Civ. P. 12(b)(1); *City Of Albuquerque v. U.S. Dep't Of Interior*, 379 F.3d 901, 906 (10th Cir. 2004); Docs. 133 and 134. The United States has sovereign immunity from suits "in the absence of an express waiver of this immunity by Congress." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"). That immunity extends to federal agencies and official capacity claims against federal employees. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("It is well settled that the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived."); *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1246 (10th Cir. 1989) ("[T]he application

of this doctrine cannot be avoided simply by naming agencies of the federal government or their individual officers and employees."). Plaintiffs have the burden to demonstrate subject matter jurisdiction, and they have not shown why sovereign immunity does not apply. *See* Doc. 135. Thus, Plaintiffs' claims against the Social Security Administration, National Institute of Health, Internal Revenue Service, Environmental Protection Agency, Federal Trade Commission, and Department of Labor are barred on sovereign immunity grounds, as are Plaintiff's official capacity claims against Defendants Mistry, Foster, and Pettigrew.[3] Nonetheless, sovereign immunity does not bar Plaintiffs' individual capacity claims against Defendants Mistry, Foster, and Pettigrew. *See Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1297 (10th Cir. 2008).

Second, Plaintiffs' complaint violates Rule 8(a)'s requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The Court construes pro se filings liberally, but will not allow Plaintiffs to ignore "the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Plaintiffs plead incomprehensible allegations against thirty defendants and include extensive, irrelevant discussion.[4] *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996)

---

[3] Plaintiffs do not specify in their complaint whether they bring official or individual capacity claims against federal employee defendants Mistry, Foster, and Pettigrew. Nonetheless, the Court construes the pro se complaint "liberally," *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002), and assumes they intend to sue Defendants in both capacities. Defendants claim that Plaintiffs clarified in a motion to reconsider that they only intended official capacity claims, but the Court declines to adopt such a harsh reading. *See* Doc. 118, at 5, 14; Doc. 133, at 1, 6 & n.1 & n5.

[4] For example, Plaintiffs fill five pages of their complaint on "Prior To/Back-Story With More on True Character" summarizing their upbringing, how the parents met, the family's lifestyle, and their professional history. *See* Doc. 1, at 22–27. They also include "hundreds of documents . . . in [P]laintiffs['] exhibits"

("Mr. Carpenter's complaint fell well short of the requirements of Fed. R. Civ. P. 8(a)(1) . . . . Even liberally construed, Mr. Carpenter's complaint . . . is incomprehensible."). Moreover, with little particularity to identify which Defendant is responsible for what, the complaint fails to "make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, the complaint is a prototypical puzzle pleading that violates Rule 8.

Third, Plaintiffs fail to present a plausible federal claim for relief. To appear in federal court, the Court must have subject matter jurisdiction. *See* U.S. Const. art. III, § 2, cl. 1. Subject matter jurisdiction exists in federal question cases—suits arising under federal law or the United States Constitution—or those in which the parties are diverse. *See id.* The parties clearly lack diversity jurisdiction; Plaintiffs are Oklahoma residents of Cleveland County suing numerous Oklahoma entities.[5] *See* Doc. 1, at 1–3, 8. Thus, the Court asks whether plausible federal claims remain, and if not, "[t]he district court[] may decline to exercise supplemental jurisdiction" over Plaintiffs' state law claims. 28 U.S.C. § 1367(c)(3). Construing the complaint broadly, the Court finds two federal claims, neither

---

without any index or reference point tying the allegations in the body of the complaint to individual exhibits. Doc. 1, at 50. *See* LCvR7.1(n) ("Unnecessarily voluminous exhibits . . . to filings should be avoided. A filer should submit as an exhibit or attachment only excerpts of documents that are relevant to the matter under consideration."). Granted, Plaintiffs include an "explanation" column in the exhibits' margin. However, the hand-written notes are largely unintelligible without context. The Court will not venture to put Plaintiffs' puzzle together and tie exhibits to relevant allegations in the complaint.

[5] Plaintiffs allege diversity jurisdiction in their Civil Cover Sheet, Doc. 1-5, yet admit that "[t]here is not a Diversity of State Citizenship." Doc. 1, at 15.

of which state grounds for relief: civil RICO under 18 U.S.C. §§ 1961–68 and due process under the Fifth and Fourteenth Amendment.[6]

Regarding their civil RICO claim, Plaintiffs lack plausible grounds for relief because they have not pled a required element, that Defendants were associated with an "enterprise." RICO makes it:

> Unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). The law provides a private civil cause of action for those injured by RICO violations. "To successfully state a RICO claim," Plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985)). The "enterprise" element "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The Supreme Court has reiterated the broad scope of a RICO enterprise. *See Boyle v. United States*, 556 U.S. 938, 944 (2009) ("This enumeration of included enterprises is obviously broad . . . ."). Nonetheless, at a minimum—given that Plaintiffs do not discuss a partnership, corporation, or formal association among Defendants—Plaintiffs must plead a plausible "association-

---

[6] The Court only considers Plaintiffs' repeated references to Defendants' alleged crimes insofar as they are relevant to a civil RICO claim. Otherwise, the Court cannot direct criminal charges against an entity, nor can it appoint a "special appointed prosecutor." Doc. 1, at 49. The U.S. Attorney's Office and Oklahoma District Attorney's Office maintain discretion to bring charges for criminal RICO, fraud, or any of Defendants' other alleged criminal violations. *See* Doc. 1, at 9; 30–31, 40–41.

in-fact enterprise." *Id.* at 946. This "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.*

Plaintiffs have not pled a plausible enterprise. They allege extensive criminal conduct,[7] perhaps sufficient to constitute a "pattern of racketeering activity," with nothing to tie Defendants together.[8] 18 U.S.C. § 1962(c); 18 U.S.C. § 1961(5). Plaintiffs do not allege a common purpose, nor do they plead a relationship between Defendants, comprised of insurance companies, hospitals, state and municipal actors, and federal agencies. Instead, the complaint appears to employ RICO as an improper means of skirting the statute of limitations by merging Plaintiffs' often-unrelated injuries—over a decade of alleged sickness, abuse, contamination, and cover-ups committed by countless actors—into one ongoing violation. Granted, proof of a pattern of conduct and proof of an enterprise "may . . . coalesce," but "proof of one does not necessarily establish the other." *United States v. Turkette*, 452 U.S. 576, 583 (1981) ("The 'enterprise' is . . . an entity separate and apart from the pattern of activity in which it engages."); *Crowe v. Clark*, 552 F. App'x 796, 800 (10th Cir. 2014) (unpublished); *Kearney v. Dimanna*, 195 F. App'x 717, 721 (10th Cir. 2006) (quoting *Handeen v. Lemaire,* 112 F.3d 1339, 1352 (8th Cir.

---

[7] Plaintiffs allege fraud, conspiracy to commit fraud, extortion, mail fraud, wire fraud, and other unspecified crimes. Doc. 1, at 30–31, 40–41.

[8] Plaintiffs' only explicit mention of an enterprise appears amidst an incomprehensible plea for damages:
> Plaintiffs' inability to defend themselves . . . is a direct consequence of [their] destitution, which is caused by the unabated insistence on a clear pattern of racketeering activity engaged in within the 'enterprise' that includes claimed 'insurance' which additionally left the plaintiff family injured and sick, incapable and without due process for found exposures and their health consequences.

Doc. 1, at 47.

1997)) ("In assessing whether an alleged enterprise has an ascertainable structure distinct from that inherent in a pattern of racketeering, [we] determine if the enterprise would still exist were the predicate acts removed from the equation."). Even with the Court's liberal construction due Plaintiffs at this stage, their RICO claim warrants dismissal.

Neither have Plaintiffs pled a plausible due process claim.[9] To the extent that Plaintiffs allege general and conclusory due process deprivations at the hands of unspecified Defendants, the complaint does not state grounds for relief. *See Iqbal*, 556 U.S. at 677–78 (2009); *Twombly*, 550 U.S. at 555; *Pahls*, 718 F.3d at 1225; Doc. 1, at 3, 18 ("The plaintiff family continues to feel the denial of due process with limited understanding of how the chemicals came to exactly get into the family's water . . . ."), 22 ("[D]ue process has been denied . . . ."), 29 ("[T]he planned deliberate deprivations to those exposed to the toxic water without due process have become more and more apparently criminal."), 36 ("Limited plaintiff family access to due process . . . was another conspiracy to commit fraud that recurred[.]"), 44 ("The family's wealth . . . continues to be treated as if they are subject to legal restrictions without due process of law."), 47, 50 ("They, as the self appointed reign over the family's fate, deprived the family of due process with no plans of ever changing it.").

Plaintiffs' two more precise due process allegations—in which they specifically name Defendants allegedly responsible for violating due process—constitute mere "labels and conclusions" without "enough facts to state a claim to relief that is plausible on its

---

[9] Plaintiffs assert damages under 42 U.S.C. § 1983, the proper vehicle for asserting public deprivations of constitutional rights. *See* Doc. 1, at 46.

face." *Twombly*, 550 U.S. at 555, 570; *see* Doc. 1, at 12 ("The City of Broken Arrow[,] likely with help from the State[,] has sought not to allow a path to justice in these areas in the past, averting or blocking due process[] [and] minimizing or obstructing justice."), 33 ("The mother tried to explain [to "Melissa in OU Risk management" that] she had a right to due dil[l]igence[,] instead of assumptions or false facts, to correct information for such a reason with such consequence to the family under due process."). Moreover, to the extent it is possible to cobble the elements of a due process claim from 277 disorganized, single-spaced pages of a complaint, the Court declines to "assume the role of advocate" or to "construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1174 (10th Cir. 1997); *Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). Thus, the Court dismisses Plaintiffs' claims arising under federal law.

As Plaintiffs lack a plausible claim for relief, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1150 (10th Cir. 2017) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); *see* 28 U.S.C. § 1367(c)(3).

### III.    Conclusion

Defendants Social Security Administration, National Institute of Health, Internal Revenue Service, Environmental Protection Agency, Federal Trade Commission, and Department of Labor's Motion to Dismiss, Doc. 134, is hereby GRANTED. Defendants Jatin Mistry, Nicole Foster, and George Pettigrew's Motion to Dismiss, Doc. 133, is

GRANTED IN PART with respect to all official capacity claims and federal law claims and DENIED IN PART with respect to Plaintiffs' remaining individual capacity claims under state law. The rest of Defendants' Motions to Dismiss—Docs. 20, 22, 36, 49, 51, 54, 73, 74, 89, 97, and 100—are GRANTED IN PART with respect to Plaintiffs' federal law claims and DENIED IN PART with respect to Plaintiffs' state law claims. Moreover, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, the Complaint (Doc. 1) is DISMISSED as stated above.

IT IS SO ORDERED this 3rd day of April, 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE